UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Keeta T. Woods, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> § <br> RECEIVABLES MANAGEMENT § <br> PARTNERS, LLC, § <br> § <br> § <br> *Defendant*. § | <br><br><br><br><br><br><br><br>Civil Action No. 1: 19-cv-01150 |

**DEFENDANT RECEIVABLES MANAGEMENT PARTNERS, LLC'S
 ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant RECEIVABLES MANAGEMENT PARTNERS, LLC ("**RMP**" or "**Defendant**"), files its *Answer to Plaintiff's Complaint* as follows:

**NATURE OF THE ACTION**

1. Defendant admits Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("**FDCPA**"), the Telephone Consumer Protection Act ("**TCPA**") and the Texas Debt Collection Act ("**TDCA**"). Defendant denies any violations alleged by Plaintiff occurred.

**JURISDICTION AND VENUE**

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2; therefore, it denies the same.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 3; therefore, it denies the same.

## PARTIES

4.  Defendant admits Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of Paragraph 4; therefore, it denies the same.

5.  Defendant admits that the location information in Paragraph 5 is generally correct. Defendant admits that at times, it acts as a "debt collector" as that term is defined by the FDCPA. However, Defendant lacks knowledge or information sufficient to determine whether it acted as a "debt collector" as defined by the FDCPA in this particular matter; therefore, it denies Paragraph 5.

## FACTS SUPPORTING THE CAUSE OF ACTION

6.  Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 6; therefore, it denies the same.

7.  Defendant admits Paragraph 7.

8.  Defendant denies Paragraph 8.

9.  Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 9; therefore, it denies the same.

10. Defendant denies Paragraph 10.

11. Defendant denies Paragraph 11.

12. Defendant denies Paragraph 12.

13. Defendant denies Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, it denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, it denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 16; therefore, it denies the same.

17. Defendant denies Paragraph 17.

18. Defendant denies Paragraph 18.

## DAMAGES

19. Defendant denies Paragraph 19.

20. Defendant denies Paragraph 20.

21. Defendant denies Paragraph 21.

22. Defendant denies Paragraph 22, to the extent that its conduct has caused Plaintiff to suffer any harm.

## COUNT I

23. Defendant reincorporates the preceding paragraphs as though fully set forth herein.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 24; therefore, Defendant denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 25; therefore, Defendant denies the same.

26. Defendant admits that at times, it acts as a "debt collector" as that term is defined by the FDCPA. However, Defendant lacks knowledge or information sufficient to determine whether it acted as a "debt collector" as defined by the FDCPA in this particular matter; therefore, it denies Paragraph 26.

27. Defendant admits that at times, it acts as a "debt collector" as that term is defined by the FDCPA. However, Defendant lacks knowledge or information sufficient to determine whether it acted as a "debt collector" as defined by the FDCPA in this particular matter; therefore, it denies Paragraph 27.

28. Defendant admits that at times, it engages in "communications" as that term is defined by the FDCPA. However, Defendant lacks knowledge or information sufficient to determine whether it engaged in "communications" as defined by the FDCPA in this particular matter; therefore, it denies Paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 29; therefore, Defendant denies the same.

30. Defendant denies Paragraph 30.

31. Defendant denies Paragraph 31.

32. Defendant denies Paragraph 32.

33. Defendant denies Paragraph 33.

34. Defendant denies Paragraph 34.

35. Defendant denies Paragraph 35.

36. Defendant denies Paragraph 36.

37. Defendant denies Paragraph 37.

Defendant denies Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.[1]

## COUNT II

38. Defendant reincorporates the preceding paragraphs as though fully set forth herein.

---

[1] Intentionally unnumbered to match Plaintiff's Complaint.

39. Defendant denies Paragraph 39.

40. Defendant denies Paragraph 40 as an incomplete and/or inaccurate statement of law.

41. Defendant denies Paragraph 41.

42. Defendant denies Paragraph 42.

43. Defendant denies Paragraph 43.

44. Defendant denies Paragraph 44.

45. Defendant denies Paragraph 45.

46. Defendant denies Paragraph 46.

47. Defendant denies Paragraph 47.

48. Defendant denies Paragraph 48.

49. Defendant denies Paragraph 49.

Defendant denies Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.[2]

## COUNT III

50. Defendant reincorporates the preceding paragraphs as though fully set forth herein.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 51; therefore, Defendant denies the same.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 52; therefore, Defendant denies the same.

53. Defendant admits that at times, it acts as a "debt collector" as that term is defined by the TDCA. However, Defendant lacks knowledge or information sufficient to determine

---

[2] Intentionally unnumbered to match Plaintiff's Complaint.

whether it acted as a "debt collector" as defined by the TDCA in this particular matter; therefore, it denies Paragraph 53.

54. Defendant denies Paragraph 54 as an incomplete and/or inaccurate statement of law.

55. Defendant denies Paragraph 55.

Defendant denies Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.[3]

## JURY DEMAND

56. Defendant admits that Plaintiff seeks a trial by jury in this case.

## AFFIRMATIVE DEFENSES

57. Any violation, if it occurred, was the result of a bona fide error.

58. Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendant has no control.

59. Plaintiff's damages, if any, were pre-existing damages not caused by Defendant.

60. Plaintiff has failed to mitigate damages, if any.

61. Any violation of the TCPA, which Defendant denies occurred, was not committed willfully and/or knowingly.

62. Plaintiff proximately caused his own damages, if any.

63. Plaintiff has not suffered a concrete, injury-in-fact.

**[SIGNATURE BLOCK ON NEXT PAGE]**

---

[3] Intentionally unnumbered to match Plaintiff's Complaint.

**DEFENDANT RMP, LLC'S ANSWER**                                                                    PAGE 6 OF 7
211.0012 Answer.docx

| | |
|---|---|
| Dated: December 30, 2019. | Respectfully submitted,<br><br>**MALONE FROST MARTIN PLLC**<br><br>*/s/ Robbie Malone*<br>ROBBIE MALONE<br>State Bar No. 12876450<br>Email: rmalone@mamlaw.com<br>EUGENE XERXES MARTIN, IV<br>State Bar No. 24078928<br>Email: xmartin@mamlaw.com<br>**MALONE FROST MARTIN PLLC**<br>NorthPark Central, Suite 1850<br>8750 North Central Expressway<br>Dallas, Texas 75231<br>P: (214) 346-2630 | F: (214) 346-2631<br><br>***COUNSEL FOR DEFENDANT*** |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been filed and forwarded **via CM/ECF** on this 31st day of December, 2019 to:

Alexander J. Taylor, Esq.
Marwan Rocco Daher
Omar Tayseer Sulaiman
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60 I 48
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
Mdaher@sulaimanlaw.com
Osulaiman@sulaimanlaw.com

***COUNSEL FOR PLAINTIFF***

                                                                  */s/ Robbie Malone*
                                                                   ROBBIE MALONE